IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES L. MARTIN, | § | |
| | § | No. 590, 2013 |
| Plaintiff Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| NATIONAL GENERAL | § | in and for New Castle County |
| ASSURANCE COMPANY, | § | C.A. No. N13C-01-020 |
| | § | |
| Defendant Below- | § | |
| Appellee. | § | |

Submitted: May 2, 2014
Decided: July 9, 2014

Before **STRINE**, Chief Justice, **BERGER**, and **RIDGELY**, Justices.

# **O R D E R**

This 9th day of July 2014, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The plaintiff-appellant, James L. Martin, filed this appeal from an order of the Superior Court, dated September 27, 2013, denying Martin's motion for partial summary judgment and granting summary judgment to the appellee, National General Assurance Company ("National"). We find no merit to the issues Martin raises on appeal. Accordingly, we affirm the Superior Court's judgment.

(2) Martin is a Delaware resident who had an automobile insurance policy with National for personal injury protection (PIP) and uninsured/underinsured

(UM/UIM) motor vehicle driver protection. Martin was involved in an accident while riding his bicycle in an organized cycling event in New Jersey in September 2010. He was found lying by the side of the road with his bicycle on top of him. He suffered broken teeth and a five inch cut to his face, which required emergency medical care. Martin had no memory of what caused the accident, and there were no eyewitnesses.

(3)  Martin sought to recover benefits under his policy with National, alleging that he had been the victim of a hit-and-run motor vehicle. National denied coverage, finding no evidence that a motor vehicle was involved in Martin's accident. Martin then sought arbitration before an Insurance Commissioner's panel under 21 Del. C. § 2118(j). The arbitration panel found that Martin's evidence did not support a finding that a motor vehicle had been involved in his accident. The panel, therefore, concluded that there was no applicable insurance coverage.

(4)  Martin then filed an appeal with the Superior Court seeking de novo review under 21 Del. C. § 2118(j)(5). Martin's complaint sought PIP benefits and UM benefits, as well as exemplary damages for National's bad faith denial of his claim. After National filed a partial motion to dismiss and Martin filed a partial motion for summary judgment, the Superior Court denied both motions without prejudice pending the conclusion of discovery on Martin's PIP claim. The

Superior Court also stayed further discovery and consideration of Martin's UM and bad faith claims pending the resolution of the PIP claim.

(5) In September 2013, upon completion of discovery, both parties filed renewed motions for summary judgment on the PIP claim. The Superior Court held a hearing on September 27, 2013. Martin argued that the Superior Court should take judicial notice that Martin had been awarded $685.22 from the State of New Jersey's Victim of Crime Compensation's Office (NJVCCO) and that this award constituted an administrative tribunal's decision that he had been involved in a hit-and-run motor vehicle accident. Martin also argued that the experts' reports all agreed that his bicycle, which was damaged beyond repair, had impacted a stationary object and that the only known objects in the vicinity of the accident site were automobiles. Martin expressly denied that there was any material fact in dispute.

(6) In support of its motion for summary judgment, National argued that there was no evidence of what happened to cause Martin's bicycle accident. National agreed that the evidence established that Martin's bicycle had impacted a stationary object, but that there was no evidence that the stationary object was a motor vehicle. National asserted that the letters from the NJVCCO issuing payments to Martin did not constitute a finding that a motor vehicle was involved in Martin's accident, and the NJVCCO's payments were expressly made

conditional if Martin was later found to be ineligible. National further argued that the only qualified expert's report indicated that, while Martin had collided with a stationary object, there was no material transfer from the stationary object to Martin's bicycle and thus no evidence to conclude that the impact was with a motor vehicle.

(7)    At the conclusion of the hearing, the Superior Court expressly noted that the parties, by filing cross-motions for summary judgment, expressly agreed that there was no material fact in dispute.[1] The Superior Court found that the NJVCCO's letters did not constitute a finding of fact that a motor vehicle was involved in Martin's accident of which the court could take judicial notice under Delaware Rule of Evidence 201(b).[2] The Superior Court concluded that Martin's evidence in the record was only speculative and did not prove that a motor vehicle was involved in his accident in order to trigger coverage under National's policy. Accordingly, the Superior Court denied Martin's motion for summary judgment and granted National's motion for summary judgment. The trial court found the remaining motions and claims to be moot. This appeal followed.

---

[1] Superior Court Civil Rule 56(h) provides, "Where the parties have filed cross motions for summary judgment and have not presented argument to the Court that there is an issue of fact material to the disposition of either motion, the Court shall deem the motions to be the equivalent of a stipulation for decision on the merits based on the record submitted with the motions."

[2] Delaware Uniform Rule of Evidence 201(b) provides, "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known with the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

(8) Martin raises three issues in his opening brief on appeal. First, he contends that the Superior Court did not conduct a de novo review of his appeal from the Insurance Commissioner's panel's ruling. Second, Martin appears to argue that the Superior Court erred in granting National's motion for summary judgment because National had implicitly withdrawn its motion. Finally, Martin argues that he should have been permitted to argue for summary reversal of the Superior Court's decision on appeal. We find no merit to any of Martin's claims.

(9) Martin's first contention—that the Superior Court did not consider his appeal de novo—is based on the Prothonotary's failure to add Martin's motion for partial summary judgment as to liability, which was manually filed by Martin on March 1, 2013, to the Superior Court's electronic docket. Martin argues that the Superior Court could not have conducted a de novo review because the evidence attached to his motion was never made part of the record. We disagree. Although the Prothonotary may have mistakenly failed to add Martin's filing to the electronic docket, the record is clear that the Superior Court judge received a copy of the motion (which he acknowledged in a letter to the parties) and considered it, as well as National's response, when the judge denied the motion without prejudice to Martin's right to re-file upon the completion of discovery.

(10) Martin, in fact, re-filed his motion for summary judgment. National also re-filed its motion for summary judgment. Those cross-motions constituted a

stipulation by the parties that the record was complete and a decision on the merits could be reached.[3] Martin argued his renewed motion for summary judgment and never raised an issue suggesting that the record was incomplete. In the absence of plain error, Martin's failure to raise this argument below constitutes a waiver of this claim on appeal.[4] We find no error, plain or otherwise, because it is clear from the transcript of the hearing on the cross-motions for summary judgment that the Superior Court considered all of Martin's evidence de novo and simply found that the evidence did not support his motion for summary judgment.

(11) Martin's second argument on appeal is difficult to follow. He appears to contend that the Superior Court erred in ruling on National's motion for summary judgment rather than deeming the motion to be withdrawn. Martin asserts that National filed its cross-motion for summary judgment on September 13, 2013, indicating the absence of any factual dispute. Four days later, the parties filed their pre-trial stipulation in which National represented to the court that, "The parties in good faith believe there is a dispute of coverage preventing settlement of the claims." Martin argues that this statement is a concession that genuine issues of material fact existed in the case, which the Superior Court should have construed as National's implicit withdrawal of its motion for summary judgment.

---

[3] Del. Super. Ct. Civ. R. 56(h) (2014).

[4] Del. Supr. Ct. R. 8 (2014).

6

(12) Martin never raised this argument below. In fact, both parties represented to the Superior Court at the hearing on the cross-motions for summary judgment that the record was complete, and there was no genuine issue of material fact in dispute. National's representation in the pre-trial stipulation that a legal dispute existed as to insurance coverage in no way contradicts its representation in its motion for summary judgment that there was no genuine issue of material *fact*. There is simply no merit to Martin's convoluted claim that the Superior Court should not have considered National's motion for summary judgment because of the subsequently-filed pretrial stipulation.

(13) Martin's final claim is that this Court should adopt a procedure to permit an appellant to file for summary reversal on appeal. Martin seems to suggest that his constitutional right to due process was violated because this Court allows appellees to file summary affirmance motions under Supreme Court Rule 25 but does not have a corresponding rule to give appellants the same right to request summary reversal. Martin's argument is unrelated to the Superior Court's judgment on appeal and, consequently, need not be considered by the Court.[5] Moreover, given that Martin has established no basis, after full briefing, for this Court to reverse the Superior Court's judgment on appeal, his suggestion that he had a due process right to seek summary reversal clearly has no merit.

---

[5] Del. Supr. Ct. R. 8 (2014).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice